[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 24-12700

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JESUS ARRATE-RODRIGUEZ,

Defendant- Appellant.

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:90-cr-06158-WPD-3

————————————

Before WILLIAM PRYOR, Chief Judge, and JILL PRYOR and BRASHER, Circuit Judges.

PER CURIAM:

Jesus Arrate-Rodriguez appeals *pro se* the denial of his construed motion for a sentence reduction and for compassionate release. 18 U.S.C. § 3582(c)(1)(A), (c)(2). He argues that the district court abused its discretion in denying his motion for compassionate release because his rehabilitation and minimal risk of recidivism as well as his unusually long sentence and intervening changes in law constitute extraordinary and compelling reasons for his release, United States Sentencing Guidelines Manual § 1B1.13(b)(5), (b)(6) (Nov. 2023). The government responds by moving for summary affirmance. We grant that motion and affirm.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). We review the denial of an eligible prisoner's motion for a sentence reduction and motion for compassionate release for abuse of discretion. *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021) (compassionate release); *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1238 (11th Cir. 2017) (sentence

reduction). A district court may grant compassionate release for extraordinary and compelling reasons if release would be consistent with both the applicable policy statements and the statutory sentencing factors, 18 U.S.C. § 3553(a). *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). The weight given to each statutory sentencing factor is "committed to the sound discretion of the district court." *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022). A district court need not discuss every factor but abuses its discretion when it decides the motion without considering the applicable factors. *United States v. Cook*, 998 F.3d 1180, 1184 (11th Cir. 2021).

The government is clearly correct as a matter of law that Arrate-Rodriguez abandoned any challenge to the denial of his motion for a sentence reduction by only mentioning this issue in his statement of issues without arguing why he was eligible for relief. 18 U.S.C. § 3582(c)(2); *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). In any event, as the government explains, even if we considered this challenge, Arrate-Rodriguez would not be entitled to relief because the district court did not abuse its discretion in finding that the statutory sentencing factors did not weigh in favor of a reduction. *See United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009).

The district court also did not abuse its discretion in denying Arrate-Rodriguez's motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A). The record supports the ruling that a reduced sentence would not "promote respect for the law," "act as a deterrent," or "protect the public from further crimes." *See id.*

§ 3553(a)(2)(A)-(C). Arrate-Rodriguez served as a leader of an international drug conspiracy involving large quantities of cocaine. Authorities seized 2,114 kilograms of cocaine—the first of several shipments planned by the conspirators. And Arrate-Rodriguez was convicted of conspiring to murder a confidential informant testifying against him and planned to escape from prison to participate in the murder. The district court considered his argument about his rehabilitation and low risk of recidivism by stating it considered his motion. *See Tinker*, 14 F.4th at 1241 (holding that a district court need not address all mitigating evidence and acknowledgment of the parties' filings established the district court considered factors addressed in those filings). And it acted within its discretion in deciding to weigh the need to promote respect for law, to deter, and to protect the public along with the seriousness of the offense more heavily than his rehabilitation. *See Butler*, 39 F.4th at 1355.

The district court did not abuse its discretion in ruling that the statutory sentencing factors did not warrant early release, and that ruling alone was sufficient to bar relief. *See Tinker*, 14 F.4th at 1237–38. Because the government's position is clearly correct as a matter of law, we **GRANT** its motion for summary affirmance. *Groendyke Transp., Inc.*, 406 F.2d at 1162.

**AFFIRMED.**